Veronika Fabian, State Bar 018770
CHOI & FABIAN, PLC
90 S. Kyrene Road, Suite 5
Chandler, AZ 85226
(480) 517-1400
(480) 517-6955 (FAX)
Veronika@choiandfabian.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| SIDNEY NAIMAN on behalf of plaintiff and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN FRUTCHEY; and LEGACY INSURANCE SOLUTIONS LLC, <br><br> Defendants. | No._____ <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

### **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff Sidney Naiman brings this action against Defendants Benjamin Frutchey and Legacy Insurance Solutions LLC, to stop Defendants' practice of making phone calls to cellular telephones using an automated telephone dialing system, in violation of the

1

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TPCA"), and to obtain redress for all persons injured by its conduct.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1337 (commerce) and 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. The Court has personal jurisdiction over Defendants and venue is proper in this District because the calls at issue were placed into Arizona.

## PARTIES

4. Plaintiff Sidney Naiman is an individual who resides in Maricopa County, Arizona.

5. Defendant Benjamin Frutchey is an insurance producer located at 10401 Venice Blvd., Suite 201, Los Angeles, CA 90034.

6. Defendant Frutchey is employed by Legacy Insurance Solutions LLC ("Legacy"), a limited liability company organized under the law of California, with offices at 10401 Venice Blvd., Suite 201, Los Angeles, CA 90034.  Mr. Frutchey manages call center operations for the company.

2

# THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"),

# 47 U.S.C. § 227

7. Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

8. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

9. Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today.

10. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These

3

complaints are on top of the complaints each state AG's office receives and also does not include the millions of unreported calls.

11. In an effort to curb these unwanted calls, the TCPA regulates, inter alia, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. In 2012, the FCC FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

## **FACTS**

13. Plaintiff Sidney Naiman is the subscriber to cellular telephone number XXX-XX-6443.

14. The number is a residential number, used primarily for nonbusiness purposes.

15. The number has been listed on the national "do not call" list since prior to January 1, 2019.

4

16. Legacy Insurance Solutions LLC, operates a call center, where automated equipment is used to place large numbers of telemarketing calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

17. On September 9, 2019, Plaintiff received an automated call from Defendant Legacy. Mr. Naiman answered the call. The caller, who used the name "May," initially asked for Vincent and when told she had reached Sidney, stated she was autodialing insurance prospects. "May" transferred the call to insurance agent Benjamin Frutchey, who stated that he could lower Mr. Naiman's health insurance premiums.

18. Within 30 minutes, Plaintiff received a text message addressed to "Vincent" and requesting "a few more details to prepare your quote." The message had a call back number, 855-209-6970.

19. Calls to that number are answered, after a noticeable pause, by a person with a foreign accent advising that the caller has reached the "health center."

20. Plaintiff has not consented to the receipt of any calls from Defendants.

21. Plaintiff has not provided his cell phone number to Defendants.

22. By calling Plaintiff, Defendants caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity

5

in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiff's statutory right of privacy was invaded.

23. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

24. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

25. The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendants and are made on a repeat basis without consent.

26. Defendants either negligently or willfully violated the rights of Plaintiff and other recipients in placing the calls.

## **COUNT I – TCPA**

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Defendants made unsolicited automated calls to cellular telephone numbers belonging to Plaintiff and other members of the class without their prior express consent.

29. By making unsolicited calls to Plaintiff and the class members, using an

6

automated dialing system and without prior express consent, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii).

30. Plaintiff and each class member are entitled to statutory damages.

31. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls; and their statutory rights of privacy were invaded.

## **CLASS ALLEGATIONS**

32. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

33. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls from Defendants Benjamin Frutchey or Legacy Insurance Solutions LLC, on their cell phones, (d) placed using an automated dialer or a pre-recorded or artificial voice.

34. The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, based on the fact that Defendants maintain a call center, Defendants have made automated telephone calls to more than 40 persons who fall into the definition of the class. Class members can be identified through Defendants' records.

7

35. Plaintiff's claims are typical of the claims of the other members of the class, in that Plaintiff and the class members sustained damages arising out of Defendants' uniform wrongful conduct, including the making of unsolicited telephone calls.

36. Plaintiff will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiff.

37. There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class.

These include:

    a. Whether the equipment the equipment Defendants used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

    b. Whether Defendants systematically made automated calls to persons without prior express consent to receive such telephone calls;

    c. Whether class members are entitled to treble damages based on the willfulness of Defendants' conduct.

8

38. Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

    a.    Statutory damages, 47 U.S.C. § 227(b)(3);

    b.    An injunction restraining the conduct complained of;

    c.    Costs of suit;

    g.    For such other or further relief as the Court deems proper.

# **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: February 3, 2020

                                      CHOI & FABIAN, PLC

                                      */s/ Veronika Fabian*
                                      Veronika Fabian
                                      90 S. Kyrene Road, Suite 5
                                      Chandler, AZ 85226
                                      *Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Veronika Fabian
CHOI & FABIAN PLC
90 S Kyrene Rd., Ste 5
Chandler, AZ 85226
(480) 517-1400
(480) 517-6955 FAX
Email: veronika@choiandfabian.com

*Pro hac vice* to be applied for:

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
*Attorneys for Plaintiff*


/s/ Michelle Crowley

11

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*/s/ Veronika Fabian*
Veronika Fabian

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

*/s/ Veronika Fabian*
Veronika Fabian

13